IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-100-BO

| | | |
|---|---|---|
| ROBERT ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 38, 41]. A hearing was held on these matters before the undersigned on September 23, 2019, at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 38] is DENIED and defendant's motion [DE 41] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for disability insurance benefits. Plaintiff filed his applications in October 2014. After initial denials, plaintiff was given a hearing before an Administrative Law Judge (ALJ) in February 2017. The ALJ issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

In this case, the ALJ determined at step two that plaintiff had the following severe impairments: diabetes mellitus, other disorders of the urinary tract, essential hypertension, coronary artery disease, peptic ulcer, trigger finger of the bilateral upper extremities, gastroesophageal reflux disease, and rheumatoid arthritis. The ALJ found plaintiff did not meet a Listing at step three. After determining his RFC, the ALJ found plaintiff could perform his past relevant work as a security guard. The ALJ then proceeded to step five, and found that, in the alternative, the plaintiff could perform jobs existing in significant numbers in the national economy.

Plaintiff argues the ALJ (1) failed to give specific reasons for the weight afforded to plaintiff's symptom testimony and (2) failed to include all of plaintiff's non-severe medical conditions in his RFC.

The Court finds that the ALJ did not fail to provide a satisfactory explanation for the weight afforded to plaintiff's symptom testimony, and that to the extent additional explanation was

3

required, any deficiency in the explanation was harmless. The ALJ reviewed plaintiff's testimony and accepted it only to the extent it was consistent with objective medical and other evidence. Tr. 33–34. A claimant's allegations need not be accepted to the extent they are inconsistent with other available evidence. *See Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). The ALJ then proceeded to review the other available evidence, much of which was inconsistent with plaintiff's account. This included plaintiff's daily activities, the medical evidence and treatment history, and opinion evidence (including from plaintiff's consultative examination and his treating cardiologist). The other evidence is largely inconsistent with plaintiff's allegations of his level of disability, and the ALJ only accepted such allegations to the extent they were consistent with the evidence. Any failure to elaborate further on the weight afforded to plaintiff's testimony is harmless error because there is no realistic possibility the ALJ would have reached a different conclusion in the face of the rest of the evidence. Substantial evidence supports the ALJ's finding and the Court finds no reversible error.

Plaintiff's second argument is that the ALJ failed to include limitations for plaintiff's non-severe anxiety in his RFC, specifically, the cumulative effect the anxiety would have in conjunction with his other severe impairments. But the record shows little, if any, evidence of ongoing mental health treatment, and plaintiff's psychiatric examinations have been normal. The ALJ addressed what little evidence there was regarding plaintiff's anxiety in step two, determining that it was not severe. The RFC in this case does not include any mental limitations because there were not any mental impairments supported by evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 38] is DENIED and defendant's motion for judgment on the pleadings [DE 41] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 26 day of September, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE